## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL N. THOMAS,**
**#B71744,**

**Petitioner,**

    **vs.**

**STEPHEN DUNCAN**
**and IDOC,**

**Respondents.**                                **Case No. 16-cv-0809-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Michael N. Thomas is currently in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Lawrence Correctional Center ("Lawrence").  On July 18, 2016, he filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) to challenge the loss of nine months of good conduct credit as a result of prison disciplinary proceedings that allegedly violated his right to due process of law under the Fourteenth Amendment.  He seeks restoration of the lost credits.

    The case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

I.   **<u>Background</u>**

Thomas is currently serving a forty year sentence on a 1997 murder conviction.  On or around October 29, 2013, he was issued a disciplinary ticket at Lawrence for: (1) Rule 110 – impeding an investigation; (2) Rule 303 – giving false information to an employee; and (3) Rule 404 – violating IDOC rules (Doc. 1, p. 2).   Thomas allegedly received the ticket because he refused to sign a confession admitting that he "physically forced himself on [an] unidentified female employee *numerous* times for sex and money" at another prison (Doc. 1-1, p. 2) (emphasis in original).   Thomas was never charged or punished for this alleged misconduct; he was instead issued a ticket when he refused to admit to it (*id.* at 2-3, 10).  Thomas pleaded not guilty to the rule violations.

Following an allegedly unfair disciplinary hearing, Thomas was found guilty of all three rule violations on November 11, 2013.  He was punished with nine months of segregation, nine months of C-grade status, and nine months of lost good conduct credits.  The loss of good conduct credits delayed his parole release date by nine months.  According to the Petition, Thomas was originally slated for release on parole on June 28, 2018 (Doc. 1, p. 7).  The IDOC's public website indicates that his projected parole date is now March 28, 2019 (*id.*).[1]

Thomas challenged the decision of the disciplinary hearing committee on the following due process grounds: (1) Ground 1 - prison officials failed to disclose exculpatory information and/or materials that were relevant to the alleged

---

[1] *See also* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx). *Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

rule violations; (2) Ground 2 - prison officials failed to follow internal rules and regulations regarding the subject matter; (3) Ground 3 – prison officials used IDOC rules and regulations in an effort to compel Thomas to serve as a witness against himself; and (4) Ground 4 - prison officials deprived Thomas of a fair and impartial disciplinary hearing (*id*. at 3).   Thomas asserts that he exhausted the prison's internal grievance procedures and his state court remedies prior to bringing this habeas action in federal court (*id*. at 3-7).

In the instant petition, Thomas reasserts these same due process challenges to the prison disciplinary proceedings at Lawrence that resulted in his punishment with nine months of lost good conduct credit on November 11, 2013 (*id*. at 7-8).   He asks this Court to enter an order expunging the disciplinary sanctions and reinstating his nine months of good conduct credits (*id*. at 8). Alternatively, he requests a new disciplinary hearing on the ticket (*id*. at 9).

## II.   Discussion

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   Section 2254 may be used to present a Fourteenth Amendment due process challenge to a disciplinary hearing that results in the loss of good conduct credits.   *See, e.g., Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015).

Thomas' due process challenges to the revocation of good conduct credits

may proceed.  However, the petition can only proceed against Stephen Duncan, who is Lawrence's warden.  The proper respondent is the warden of the facility where the prisoner is being held.  *See* Rule 2(a), Rules Governing  Section 2254 Cases in the United States District Courts.  Thomas also named the IDOC, and this respondent shall be dismissed as a party to the action.

### III.  <u>Disposition</u>

The **CLERK** shall **TERMINATE** respondent **IDOC** as a party to the action. This action shall now be captioned *Michael N. Thomas, Petitioner v. Warden Stephen Duncan, Respondent*.

**IT IS HEREBY ORDERED** that Thomas' due process claims associated with the revocation of good conduct credits on or around November 11, 2013, shall **PROCEED**.

**IT IS ORDERED** that Respondent **WARDEN STEPHEN DUNCAN** shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered.[2]  This preliminary Order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS ALSO ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge **Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Thomas is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  August 18, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.08.18 14:22:43 -05'00'

**United States District Judge**