IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL N. THOMAS,

        Petitioner,

vs.                                             Civil No.  16-cv-809-DRH-CJP

NICHOLAS LAMB,

        Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

      Michael N. Thomas is an inmate in the custody of the Illinois Department of Corrections.  He filed a petition for habeas relief pursuant to §2254, Doc. 1.  As construed on preliminary review, the petition alleges that prison disciplinary proceedings which resulted in the loss of good conduct credit violated petitioner's Due Process rights.  See, Doc. 5.

      Now before the Court is respondent's motion to dismiss petition for a writ of habeas corpus.  (Doc. 10).  Respondent argues that the petition must be dismissed because petitioner failed to exhaust state judicial remedies.  Petitioner filed a response at Doc. 12 arguing that his failure to exhaust should be excused because of inordinate delay in resolution of his state action.

### Relevant Facts

      In 1999, Thomas was convicted of first-degree murder and sentenced to 40 years imprisonment.  See, *United States ex rel. Thomas v. Hodge*, 2014 WL 1289607 (N.D. Ill. Mar. 31, 2014)(denying petition for writ of habeas corpus

pursuant to 28 U.S.C. §2254). According to the website of the IDOC, https://www.illinois.gov/idoc/OFFENDER/Pages/InmateSearch.aspx, his projected release date is December 28, 2018.

In November 2013, Thomas was issued a disciplinary ticket charging him with impeding or interfering with an investigation, giving false information to an employee, and "violation of rules." He was found guilty after a prison adjustment committee hearing and was sanctioned with, as is relevant here, revocation of nine months good conduct credits or statutory good time. Doc. 1, Ex. 4, pp. 11-14. He alleges that his Due Process rights were violated in several respects by the disciplinary proceedings.

Thomas exhausted administrative remedies in December 2014. Doc. 1, Ex. 4, p. 1.

Thomas also attempted to pursue state judicial remedies. He filed an original habeas proceeding in the Illinois Supreme Court in May 2015. The Supreme Court construed this as a petition for leave to file an original habeas action, and denied leave to file in September 2015. Doc. 1, Ex. 4, p. 2. He then filed a habeas complaint pursuant to 735 ILCS 5/10-124 in the Circuit Court of Lawrence County in November 2015. He alleges that he heard nothing from that court before filing his federal habeas petition on July 18, 2016, despite writing several letters to the clerk of the circuit court.

Thomas alleges that, in September 2016, he received a copy of a "record sheet" from the clerk of the Circuit Court of Lawrence County. That sheet

indicates that his state habeas case was transferred on December 23, 2015, to the Circuit Court of Johnson County because Thomas was then confined to Shawnee Correctional Center. The sheet also indicates that a copy of the docket entry ordering the transfer of his case was mailed to him in August 2016. Doc. 12, pp. 12-13. In September 2016, the clerk of the Circuit Court of Johnson County informed Thomas that the respondents in his state habeas case had not been served and furnished him with summons forms for him to complete. Doc. 13, p. 6.

### **Applicable Legal Standards**

Prison inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974). The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff,* 94 S.Ct. at 2978-2980; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

A state prisoner may raise a due process challenge to prison disciplinary proceedings in a §2254 petition, but only after having exhausted both

administrative remedies and state judicial remedies. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001).

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999); see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, exhaustion requires an appeal to the Appellate Court and filing a petition for leave to appeal in the Illinois Supreme Court. *McAtee*, 250 F.3d at 508-509.

A petition for mandamus pursuant to 735 ILCS 5.14-101, *et seq.*, is "the established means for an Illinois inmate to challenge in court a disciplinary decision and is also a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a §2254 petition in federal court." *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016).

4

**Analysis**

It is clear that petitioner has not exhausted state judicial remedies. Petitioner argues that exhaustion should be excused here because the Illinois courts have essentially ignored his state habeas case. In effect, he is arguing that the state court's lack of action on his state habeas case renders the state judicial process ineffective to protect his rights. See, 28 U.S.C. §2254(b)(1)(B)(ii).

Inordinate and unjustifiable delay in state court can, in some circumstances, relieve the petitioner of the exhaustion requirement. *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). It is unnecessary to decide whether the circumstances of this case present an inordinate and unjustifiable delay, however, because petitioner has not correctly pursued state judicial remedies.

An Illinois prisoner who wants to file a federal habeas petition challenging prison discipline must first exhaust state judicial remedies by filing "a complaint for an order of mandamus from an Illinois circuit court." *McAtee v. Cowan*, 250 F.3d 506, 508–509 (7th Cir. 2001). If he loses at the circuit court stage, he "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," to fully exhaust his state judicial remedies. *Id.* See also, *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016), noting that the filing of a mandamus action in state court is "a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a §2254 petition in federal court."

Here, Thomas has not filed a complaint for mandamus pursuant to 735

ILCS 5/14-101, *et seq*. Any delay in the state court's handling of his state habeas complaint pursuant to 735 ILCS 5/10-101, *et seq.*, is irrelevant here because the correct state action to challenge prison disciplinary proceedings is a complaint for mandamus.

The exhaustion requirement is not a meaningless formality. Rather, it is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 111 S. Ct. 2546, 2555 (1991).

Petitioner argues that, if this Court does not "intervene" and rule on the merits of his claim, he will wind up serving the nine months of good conduct time that was allegedly wrongfully revoked. See, Doc. 13, p. 3. That is not necessarily so, as his current projected release date is not until December 28, 2018. He may well be successful in a properly-filed state mandamus complaint before the disputed nine months begins to run.

In any event, much of the delay in exhausting state judicial remedies has been caused by petitioner's own actions. Administrative remedies were exhausted in December 2014. Instead of immediately filing a complaint for mandamus, petitioner delayed filing any state court action until May 2015, and then he incorrectly filed an original habeas proceeding in the Illinois Supreme Court. When leave to file was denied, he again failed to file the correct state action.

In short, petitioner has not correctly pursued state judicial remedies, much less exhausted. In the circumstances of this case, his failure to exhaust should

not be excused.  Therefore, his federal habeas petition must be dismissed.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong."  See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).  Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel, Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct.  Accordingly, the Court denies a certificate of appealability.

## Conclusion

This cause of action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state judicial remedies.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: March 27, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.27 11:43:21 -05'00'

**United States District Judge**

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.